IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING
JUDGE WALKER D. MILLER (by designation)

Civil Action No. 07-cv-167-WDM

TIMOTHY J. BOMMER,

    Plaintiff,

v.

SAFECO INSURANCE COMPANY OF AMERICA and
GREG HANSON,

    Defendants.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

Miller, J., sitting by designation.

This matter is before me on the Motion to Dismiss (doc no 12) filed by Defendants Safeco Insurance Company of America ("Safeco") and Greg Hanson. Because Plaintiff filed extrinsic documents with his response brief, I will, pursuant to Fed. R. Civ. P. 12(c), convert the motion to one for summary judgment. Although requested, oral argument would not materially assist in my decision making. For the reasons that follow, Defendants' motion will be granted.

### Background[1]

This is an employment discrimination case pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 623(a)(1) ("ADEA").

According to the complaint, Plaintiff is an attorney who previously represented Safeo and its insureds, starting around 1980. Plaintiff worked in Wyoming; Safeco is

---

[1] The facts are drawn from the complaint and the parties' briefs and attached exhibits and are undisputed for the purposes of the motion unless otherwise noted.

headquartered in and conducts business from Washington. Plaintiff alleges that because of the volume of work he did for Safeco, he did not develop a more diverse client base; instead, most of his income was from his work for Safeco. Plaintiff hired his own personnel.

During Plaintiff's representation of Safeco and one of its insureds in approximately 2005-2006, Plaintiff and Safeco became involved in a fee dispute. As a result, Defendants instructed Plaintiff to perform no work on its files and assigned no further files to Plaintiff for the defense of Safeco insureds.

Plaintiff attached an affidavit to his response brief, setting forth the following additional facts:

Plaintiff states that he was a part-time United States Magistrate Judge from 1976 to 2004 but that he otherwise obtained income primarily from representing Safeco, Safeco-owned insurance companies, Safeco insureds, and Safeco adjusters. Plaintiff alleges that Safeco exercised control over his business operations in the several ways. He would first be contacted by a Safeco adjuster with a request for representation. After that, Plaintiff would submit a plan of defense, including approximate costs, to the adjuster for approval. Changes to the plan had to be approved by the adjuster. Plaintiff asserts also that cases were supervised by the corporate hierarchy and by case analysts. Plaintiff concedes that he hired his own staff, but contends that this was dictated by the amount of work he received from Safeco. Plaintiff states that Safeco required him to purchase a computer billing program and that he had to submit his bills to a billing agency for approval. His title at Safeco was "legal partner" or "panel attorney." He also provided additional services for Safeco, such as obtaining Wyoming

Department of Insurance approval for Safeco's adjustors and providing continuing education to them, for which he was paid separately. Plaintiff also relies on allegations in his complaint to show that Safeco controlled his work, specifically his allegation that Defendant Hanson's reason for discontinuing Plaintiff's services was because Hanson could better control the litigation and its costs when the work was performed by young counsel. Complaint ¶ 33.

After exhausting his administrative remedies, Plaintiff filed this lawsuit, asserting the following claims: (1) discrimination in violation of Title VII; (2) retaliation in violation of Title VII; (3) age discrimination in violation of the ADEA; (4) negligence in creating an age discriminatory work environment and failing to prevent the discriminatory harm to Plaintiff; (5) intentional infliction of emotional distress; and (6) tortious interference with business relationship. All of Plaintiff's claims are based on his alleged employment status with Safeco.

## Standard of Review

The ADEA makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. A factual issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Where "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying 'a lack of

3

evidence for the nonmovant on an essential element of the nonmovant's claim.'" *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (quoting *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998)). Then, "[t]o avoid summary judgment, the nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case." *Id.*

Discussion

Defendants seek dismissal of the case, or judgment as a matter of law, on the grounds that Plaintiff was not an employee of Safeco or of Defendant Hanson but rather was an independent contractor. Accordingly, Defendants argue, Plaintiff's claims fail as a matter of law.

    1.    <u>Federal Discrimination Claims</u>

Defendants first contend that Plaintiff nowhere alleged in his complaint that he was an employee of Defendant Hanson; rather, Plaintiff asserted that Hanson was an employee of Safeco. Accordingly, Plaintiff has not alleged facts that would establish that Hanson is an "employer" for the purposes of federal civil rights statutes. 42 U.S.C. § 2000e(b). Moreover, Defendants argue that despite Plaintiff's assertion in the complaint that he was "employed" by Safeco, he cannot be considered an employee of Safeco or Hanson because he was retained outside counsel and therefore an independent contractor.

Defendants cite to *Williams v. Burns*, 463 F. Supp. 1278 (D. Colo. 1979) for factors to consider in determining whether a retained attorney is an employee of a corporate employer. The court in *Burns* employed common law agency principles to decide whether the statements of retained outside counsel, as opposed to in-house

4

corporate counsel, accrue to the client under a respondeat superior theory.  Defendants also cite to Tenth Circuit law governing the determination of whether an individual is an employee for the purposes of federal civil rights statutes.  The primary focus is whether and to what extent the alleged employer has the right to control the means and manner of the worker's performance, as well as other factors including: "(1) the kind of occupation at issue, with reference to whether the work usually is done under the direction of a supervisor or is done by a specialist without supervision; (2) the skill required in the particular occupation; (3) whether the employer or the employee furnishes the equipment used and the place of work; (4) the length of time the individual has worked; (5) the method of payment, whether by time or by job; (6) the manner in which the work relationship is terminated; (7) whether annual leave is afforded; (8) whether the work is an integral part of the business of the employer; (9) whether the worker accumulates retirement benefits; (10) whether the employer pays social security taxes; and (11) the intention of the parties." *Lambertsen v. Utah Dept. of Corrections*, 79 F.3d 1024, 1028 (10th Cir.1996).

Defendants contend that Plaintiff was an independent contractor based on the fact that he was not a full-time salaried employee but rather earned income from cases he handled for Safeco, Plaintiff did not occupy an office in Safeco's corporate buildings, and Plaintiff, not Safeco, exercised control over the delivery of the legal services, as required by the Wyoming Rules of Professional Conduct.  Moreover, Defendants argue, Plaintiff's allegations indicate that he hired his own support personnel and incurred expenses related to his profession, that he submitted statements to Safeco for work done, including fees and costs, and that he negotiated a fee settlement with Safeco

5

himself in the fee dispute.  Defendants also note that retained attorneys are customarily considered to be independent and are expected to exercise a great deal of independent judgment.   In response, Plaintiff asserts that the facts in his affidavit are sufficient to raise a genuine issue of fact as to whether Plaintiff was an employee.

I conclude that the facts presented, even construing them in the light most favorable to Plaintiff, compel a determination as a matter of law that Plaintiff was an independent contractor of Safeco and not an employee.  It is clear that Plaintiff was retained on a case by case basis to provide representation to Safeco's insureds and affiliates, the cost of which was borne by Safeco.  Plaintiff was free to accept or reject requests of Safeco insurance adjustors to take on cases; he could and did take cases from other clients as well as being a part-time federal magistrate judge.  Although Safeco retained control over billing practices and required a litigation plan, Plaintiff apparently litigated the cases as he saw fit.  Indeed, as noted by Defendants, Plaintiff would have been in violation of his professional and ethical responsibilities if he permitted Safeco, the entity paying for representation, to direct the litigation.  Exercise of his professional responsibilities requires self control, which is not subject to the master's directive.  *See Burns*, 463 F. Supp. at 1284.  Examining the *Lambertson* factors, it is clear that the work of an attorney is highly skilled and is generally done by a specialist without supervision.  Plaintiff furnished his own equipment and place of work.  He has worked as an attorney for a number of years in a variety of positions.  He was paid by the case and not by an annual salary.  He hired his own personnel, paid his own taxes, and did not obtain annual leave or retirement benefits from Safeco.

Plaintiff's work arrangement is very similar to that of the local insurance agent,

determined on summary judgment to be an independent contractor, in *Oestman v. Nat'l Farmers Union Ins. Co.,* 958 F.2d 303 (10th Cir. 1992). The Tenth Circuit in *Oestman* affirmed the grant of summary judgment, noting that the agent's "daily activities were not supervised and he was free to work as he chose. . . [he] was not required to report to his office or to spend certain hours in pursuit of sales." 958 F.2d at 306. Moreover, the agent furnished his own office space and equipment, was free to take a vacation whenever he wished, was paid by commission and did not have taxes withheld. *Id.* The parties had an agreement indicating that the relationship was to be that of an independent contractor, and the agent filed his taxes as a self-employed individual and maintained a retirement plan available only to self-employed individuals. *Id.; see also Burns*, 463 F. Supp. at 1285 (outside attorney was concerned with the affairs of many clients, was retained to employ professional skills and legal expertise to advise defendant corporation in one matter, was not on a salary, did not occupy office in corporate building, and was not directed in how to pursue his investigation). According to the facts presented here, I conclude that Plaintiff was an independent contractor and, therefore, his federal anti-discrimination claims must fail.

2.  Retaliation

Defendants argue in the alternative that even if Plaintiff could establish that he was an employee of Safeco, his retaliation claim fails because he does not allege that he engaged in any protected conduct opposing discrimination before the alleged adverse action against him. Because protected conduct is an essential element of a prima facie case of retaliation under Title VII, I agree that this claim also fails on this alternative ground.

3.  Negligence

Defendants argue that the negligence claim must be dismissed because it is essentially the same as the discrimination claims and because Plaintiff cannot show that Defendants owed him a legal duty sufficient to support a separate negligence claim. Plaintiff does not respond to this argument and I conclude that he concedes that the negligence claim should be dismissed.

4.  Intentional Infliction of Emotional Distress

Defendants argue that Plaintiff's intentional infliction of emotional distress claim fails because Defendants' action, choosing to retain attorneys other than Plaintiff for representing Safeco's insureds, was legally permissible. *Terry v. Pioneer Press, Inc.*, 947 P.2d 273, 278 (Wyo. 1997) ("If an employee's mental distress is caused solely by his discharge, and if the discharge was permitted in his contract, then the employer has a complete defense, even if the employer is aware that the discharge will cause emotional distress."). Again, Plaintiff did not address this argument, which I consider to be a concession that Defendants were within their legal rights to discontinue the use of Plaintiff's services.

5.  Tortious Interference with Business Relationship

Finally, Defendants assert that Plaintiff's claim of tortious interference with business relationship fails because this tort requires that the alleged wrongdoers interfere with a contract between the plaintiff and a third party. Because Plaintiff's allegations concern his business relationship with Safeco, and not with a third party, this claim fails as a matter of law. *Birt v. Wells Fargo Home Mortgage*, 75 P.3d 640 (Wyo. 2003). Plaintiff argues in response that Defendant Hanson should be liable for this tort

because he allegedly interfered with the business relationship or contract between Safeco and Plaintiff. However, it is well established under Wyoming law that "[a]n employee of a company is not liable for the company's breach of contract on the theory that the employee induced such breach if he acts in his official capacity, on behalf of the company, and not as an individual for his own advantage." *Davenport v. Epperly*, 744 P.2d 1110, 1114 (Wyo. 1987). Plaintiff's allegations do not indicate that Hanson was acting outside of his official capacity and so I agree with Defendants that this claim fails because there is no third party contract or relationship at issue here.

Accordingly, it is ordered:

1. The Motion to Dismiss, converted to a Motion for Summary Judgment (doc no 12) filed by Defendants is granted.
2. Summary judgment shall enter in favor of Defendants and against Plaintiff on all claims and this case shall be dismissed.
3. Defendants may have their costs.

DATED at Denver, Colorado, on July 1, 2008.

BY THE COURT:

s/ Walker D. Miller
United States District Judge